## Case No. 7,094.

### ISAACS v. ABRAHAM.

[6 Reporter, 737.] [1]

Circuit Court, D. Massachusetts. Nov. 9, 1878.

L. M. Child and W. H. H. Richardson, for the motion.

C. Browne and J. S. Holmes, for original solicitors.

LOWELL. District Judge (orally). The substitution of solicitors in equity is made on motion, but the motion is one which is granted as a matter of course, subject to the lien of the former solicitors. That lien, however, does not extend so far as to enable the solicitor to stay or delay the proceedings. Merrywether v. Mellish, 13 Ves. 161; Twort v. Dayrell, Id. 195. In O'Dea v. O'Dea, 1 Schoales & L. 315, Lord Redesdale said: "I

[1] [Reprinted by permission.]

cannot do this. It is not in my power. I never heard of such a practice before. A solicitor has advantages for the recovery of what is due him for costs, which men in other situations have not, by keeping his client's papers, but he has no right to stop the cause from proceeding." And in Commerell v. Poynton, 1 Swanst. 1, Lord Eldon says: "A solicitor cannot by virtue of his lien prevent the king's subject from obtaining justice. In such a case as this there is undoubtedly this hardship on the solicitors that their lien upon the papers and upon the decree may be an inadequate security, because the litigation in patent causes has become very expensive, and the decree often is valuable more from its establishing a title, which may be enforced throughout the country, or, rather, which is likely to be respected throughout the country, than from the damages which can be recovered in the particular case. This may be regretted, but cannot change the rule of law. At one time there appears to have been a distinction taken in England between a case of a client changing his solicitor and that of a solicitor relinquishing the conduct of the cause. The distinction is not now very material, but so far as there is any, the solicitor's rights are somewhat less in the latter case, and it is considered that the solicitor gives up the cause, if he refuses to proceed, even though he would fully be justified in so doing, by the refusal of his client to advance or to pay his proper disbursements and charges, which is the aspect this case presents upon the correspondence between the solicitors and their clients which was read at the hearing. The three cases which were cited at the argument in which courts had refused to allow substitution of attorneys or solicitors without payment of fees are not inconsistent with these views. Sloo v. Law [Case No. 12,958]; Supervisors v. Brodhead, 44 How. Pr. 417, 419; The Oneiza, L. R. 4 Adm. & Ecc. 36. In one of them there was a fund in court, on which the solicitor had a lien, and the order was that he be paid out of that fund simultaneously with his discharge. In another there appears to have been no question about the cause proceeding, but whether the solicitor should be obliged to deliver up the papers in his hands on which he had an undoubted lien. The case from 44 How. Pr. arose under a rule of court which provided that a change of attorneys should not be made without the order of a justice, and the client in that case being a public body which could not be sued by the attorney, the court thought it right, under the circumstances of that case, to order that the fees be paid. In a very similar case in the supreme court of the United States, the state of Texas was the client in which the court ordered such a substitution; and said that a party could change his solicitor whenever he pleased, subject to his lien. Re Paschal, 10 Wall. [77 U. S.] 483. That case seems to be decisive

of the present case, and the motion to extend the original interlocutory decree is granted. I do not decide that the new solicitor will have any right to enter any final decree by agreement with the defendants, as it has been intimated he intended to do, by which the costs already accrued or even the damages can be surrendered against the protest of the former solicitors, and I will add that the new solicitor disclaimed any intention of depriving the former solicitors of those costs.